UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TANYA TALHAME,<br><br>Plaintiff,<br><br>v.<br><br>EX PARTE,<br><br>Defendant. | CASE NO. 2:26-cv-02554-JNW<br><br>ORDER SCREENING COMPLAINT UNDER 28 U.S.C.§ 1915 |

Plaintiff Tanya Talhame proceeds in forma pauperis ("IFP"), so the Court must review her complaint for sufficiency under 28 U.S.C. § 1915(e)(2)(B). Because the Court finds that Talhame's complaint fails to state a claim upon which relief can be granted, it DISMISSES the complaint with leave to renew and STRIKES Talhame's pending motion for summary judgment, Dkt. No. 7.

Section 1915 requires the Court to dismiss an IFP action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Thus, to survive Section 1915 review, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pro se pleadings, such as the Complaint here, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (While *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*.").

Talhame's complaint fails to state a claim first because it fails to name Defendants. Talhame cannot bring an entire lawsuit "ex parte." And while her civil cover sheet asserts that this Court has federal question jurisdiction, she does not allege a violation of any federal law or of the United States Constitution. Dkt. Nos. 1-2; 6 at 1. So she has not established that this Court has subject-matter jurisdiction. Finally, while Talhame's complaint includes factual allegations and mentions causes of action, it is not clear which of her factual allegations apply to which of her legal theories.

Accordingly, the Court ORDERS:

1. The Court DISMISSES the complaint WITHOUT PREJUDICE and GRANTS Talhame leave to amend.
2. Talhame must file an amended complaint within FOURTEEN (14) days of this order that provides a short, plain, and concise statement of the factual basis for her claims as required by Fed. R. Civ. P. 8. The Court DIRECTS the Clerk to calendar this deadline.
3. The amended complaint will operate as a complete substitute for Talhame's original complaint. Thus, any amended complaint must not cross-reference her previous complaints, and must clearly identify the claims, the specific facts that support each claim, which allegations are relevant to which Defendants, when the alleged wrongdoing occurred, and the specific relief requested.
4. Talhame's motion for summary judgment is STRICKEN as premature. Dkt. No. 7.

Dated this 25th day of August, 2026.

Jamal N. Whitehead
United States District Judge